'Federal Court'

at

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN -1  PM 1: 18

CLERK'S OFFICE
AT GREENBELT

'District Court of the United States for Maryland'_____DEPUTY

| | |
|---|---|
| i; woman<br>Prosecutor | **PJM 16CV1776** |
| ) | Notice: 'right to pursue a claim' |
| ) | [cf. Private Right Action] |
| ) | |
| Diane Rosenberg, Sheriff    ) | |
| Melvin C. High                    ) | |
| Wrongdoers                       ) | |

Notice: 'right to pursue a claim'

In regards to: 'right to pursue a claim':

> i; a woman, now require of the 'Office of the Court Clerk', for the federal Court', to not interfere with my right to pursue a claim:

http//www.almd.uscourts.gov/fags/prose fag htm:

...If you are unable to find an attorney to represent you,

You have the right to pursue your claim(s) in the court by appearing without representation....

i, say here, and will verify in open court, that all herein be true

Lisa Sligh

May 23,2016

DISCOVERY OF ACCOUNTING

TO: The live flesh and blood woman acting as Diane Rosenberg and the live flesh and blood man acting as Sheriff Melvin C. High

FROM: Lisa Sligh

Date: 05/23/2016

i; Lisa Sligh of FULL AGE, require a FIDUCIARY of ACCOUNTING for the TRUSTEE, i also require the TRUSTEE RECORD, LEDGERS, with three FORMS OF PHOTO IDENTIFICATION, Identification require that Sheriff is his first name, and i would like to know what C. Stands for in the Sheriff Name, Diane identification should state Diane Rosenburg, all receipts for CASE NO: 8:14-CV-03508-GJH i; also require the COURT FILE and Receipts for this case along with a Valid Claim i have with PRINCE GEORGE COUNTY & STATE OF MARYLAND. i require this information within 15 days, or as soon as possible. Thank you for your cooperation.

### 63C Am.Jur.2d, Public Officers and Employees, § 247

"*As expressed otherwise, the powers delegated to a public officer are held in trust for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer. [1] Furthermore, the view has been expressed that all public officers, within whatever branch and whatever level of government, and whatever be their private vocations, are trustees of the people, and accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from a discharge of their trusts. [2] That is, a public officer occupies a fiduciary relationship to the political entity on whose behalf he or she serves. [3] and owes a fiduciary duty to the public. [4] It has been said that the fiduciary responsibilities of a public officer cannot be less than those of a private individual. [5] Furthermore, it has been stated that any enterprise undertaken by the public official which tends to weaken public confidence and undermine the sense of security for individual rights is against public policy.[6]*" [63C Am.Jur.2d, Public Officers and Employees, §247] [1] State ex rel. Nagle v Sullivan, 98 Mont 425, 40 P2d 995, 99 ALR 321, Jersey City v Hague, 18 NJ 584, 115 A2d 8. [2] Georgia Dep't of Human Resources v Sistrunk, 249 Ga 543, 291 SE2d 524. A public official is held in public trust. Madlener v Finley (1st Dist) 161 Ill App 3d 796, 113 Ill Dec 712, 515 NE2d 697, app gr 117 Ill Dec 226, 520 NE2d 387 and revd on other grounds 128 Ill 2d 147, 131 Ill Dec 145, 538 NE2d 520. [3] Chicago Park Dist. v Kenroy, Inc., 78 Ill 2d 555, 37 Ill Dec 291, 402 NE2d 181, appeal after remand (1st Dist) 107 Ill App 3d 222, 63 Ill Dec 134, 437 NE2d 783. [4] United States v Holzer (CA7 Ill) 816 F2d 304 and vacated, remanded on other grounds 484 US 807, 98 L Ed 2d 18, 108 S Ct 53, on remand (CA7 Ill) 840 F2d 1343, cert den 486 US 1035,

100 L Ed 2d 608, 108 S Ct 2022 and (criticized on other grounds by United States v Osser (CA3 Pa) 864 F2d 1056) and (superseded by statute on other grounds as stated in United States v Little (CA5 Miss) 889 F2d 1367) and (among conflicting authorities on other grounds noted in United States v Boylan (CA1 Mass) 898 F2d 230, 29 Fed Rules Evid Serv 1223). [5] Chicago ex rel. Cohen v Keane, 64 Ill 2d 559, 2 Ill Dec 285, 357 NE2d 452, later proceeding (1st Dist) 105 Ill App 3d 298, 61 Ill Dec 172, 434 NE2d 325. [6] Indiana State Ethics Comm'n v Nelson (Ind App) 656 NE2d 1172, reh gr (Ind App) 659 NE2d 260, reh den (Jan 24, 1996) and transfer den (May 28, 1996).

Sincerely,

*[signature]*

Lisa Sligh