IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA SLIGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  PJM-16-1776 |
| | * | |
| DIANE ROSENBERG, | * | |
| SHERIFF MELVIN C. HIGH, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

On June 1, 2016, Lisa Slight submitted this filing styled as a "Notice" of a Right to Pursue a Claim with attachments and a Motion to Proceed in Forma Pauperis.  The filing will be treated as a Complaint and the Motion to Proceed in Forma Pauperis will be granted for the purpose of preliminary review. For reasons set forth herein, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2), which requires courts to dismiss the cases of pro se plaintiffs proceeding in forma pauperis which fail to state a claim on which relief may be granted.

Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; and
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

Fed. R. Civ. P. 8(a).

Rule 8 requires that a party submit a "simple, concise and direct" pleading. *Holsey v. Collins*, 90 F.R.D. 122, 126 (D. Md. 1981).  This requirement is not satisfied when a complaint

is "needlessly long, highly repetitious, or confused." *S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837, 841 (D. Md. 2005).   Allegations in a complaint  must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Sligh who identifies herself in the caption of the Complaint as "I; woman Prosecutor," and Defendants Diane Rosenberg and Sheriff Melvin C. High as "wrongdoer[s]" states in the Complaint:

> I; Lisa Sligh of FULL AGE, require a FIDUCIARY of ACCOUNTING for the TRUSTEE, I also require the TRUSTEE RECORD, LEDGERS, with three FORMS OF PHOTO IDENTIFICATION, Identification require that Sheriff is his first name, and I would like to know what C. Stands for in the Sheriff Name, Diane identification should state Diane Rosenburg, all receipts for CASE NO. 8:14:CV-03508-gjh i; also require the COURT FILE and Receipts for this case along with a Valid Claim in have with PRINCE GEORGE COUNTY & State of Maryland. I require this information within 15 days, or as soon as possible. Thank you for your cooperation.

ECF  No. 1.  The attachments submitted with the Complaint are similarly unintelligible. The attachments appear to concern a property foreclosure proceeding.

This Court recognizes that Sligh is a pro se litigant and accords her filings liberal construction, s*ee e,*g, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), *Erickson v. Pardus*, 551 U.S. 89 (2007), but it is nearly impossible for even the most vigilant reader to determine what is being alleged. Clearly, no cognizable cause of action is alleged.

In sum, the Complaint does not comply with Rule 8, and it will be dismissed without prejudice.   A separate Order follows.

_____/s/_____
PETER J. MESSITTE
June 29, 2016                                           UNITED STATES DISTRICT JUDGE